AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Mario Alberto Rivas<br><br>Defendant(s) | ) ) ) ) ) ) ) Case No. 8:19 MJ 2142 AEP |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 26, 2019__ in the county of __Polk__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21:841(a)(1) | Possession with intent to distribute 500 grams of more a mixture or substance containing a detectable amount of methamphetamine |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

FBI SA JOHN SERMONS
Printed name and title

Sworn to before me and signed in my presence.

Date: 8/27/19

_____
Judge's signature

City and state: Tampa, Florida

ANTHONY E. PORCELLI, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, John Sermons, being sworn to tell the truth, state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"). I have been employed with the FBI since January 3, 2010. I am presently assigned to the Tampa Division (TP), Lakeland Resident Agency (RA) where my duties include investigating violations of Federal law, to include violations of the Controlled Substances Act.

2. This affidavit is being submitted in support of a criminal complaint charging Mario Alberto RIVAS with possessing with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). This affidavit does not contain all of the information pertaining to this investigation, and merely provides probable cause for a court finding. I have personally participated in this investigation described below and am familiar with the information contained in this affidavit either through personal observations or those of other law enforcement officers.

## PROBABLE CAUSE

3. All events described below occurred within the Middle District of Florida.

4. On August 26, 2019, at approximately 4:30 p.m., the Florida Highway Patrol (FHP) initiated a traffic stop on a silver Ford Focus in the area of State Road 33 and Green Pond Road in Polk County, Florida. FHP observed that the tint on the windows of the Focus was darker than the legal limit in Florida. In addition, the Focus

was clocked using a pace clock going approximate 63 miles per hour, faster than posted speed limit of 60 miles per hour.

5. The Focus contained two individuals – a Driver and a passenger, Mario Alberto RIVAS. FHP discovered that the Driver had a suspended license. In addition, the Driver handed FHP troopers a small amount of methamphetamine and a methamphetamine pipe. The Driver told FHP that she had obtained the methamphetamine from inside the vehicle. RIVAS also had a suspended license.

6. At the same time FHP pulled over the Focus, a FHP K-9 Trooper was on scene. The K-9 Trooper and his K-9 Titan executed a free-air sniff of the vehicle while FHP was conducting additional investigation into the Driver and RIVAS. Titan gave a positive alert to the vehicle.

7. FHP conducted an interior search of the Focus. A search of the Focus revealed a speaker located in the trunk. The speaker contained two packages. FHP discovered that the packages contained approximately 4 kilograms of methamphetamine. RIVAS was detained for further investigation.

8. FHP conducted a field test of the suspected methamphetamine. The methamphetamine field-tested positive for methamphetamine.

9. RIVAS was interviewed roadside by FBI Special Agents. Agents read RIVAS *Miranda* warnings, which RIVAS waived. RIVAS admitted to driving to Houston, Texas to pick up approximately 4 kilograms of methamphetamine. He intended to transport the methamphetamine back to Frostproof, Florida, where he was to be paid approximately $4,000 for transporting the narcotics. RIVAS admitted to agents that he had placed the packed methamphetamine into the speaker.

10.     Based on the foregoing, I believe that probable cause exists to believe that RIVAS committed a violation of 21 U.S.C. § 841(a)(1). Therefore, I respectfully request that the Court approve the attached criminal complaint and issue an arrest warrant.

_____
John D. Sermons
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to
before me on August 27, 2019.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge